# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT WINCHESTER

| | |
|---|---|
| JEFF W. HAITHCOTE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 4:18-CV-019-PLR-CHS |
| v. | ) |
| | ) |
| OFFICER JORDAN, OFFICER CROW, and OFFICER COOPER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This is a pro se prisoner's civil rights complaint for violation of 42 U.S.C. § 1983 that is proceeding only as to Plaintiff's claim that after he was assaulted by another inmate, Defendants Cooper, Jordan, and Crow forced him to walk despite Plaintiff repeatedly informing them that his hip was broken [Doc. 17 p. 13]. Now before the Court is Defendants Cooper and Jordan's motion to dismiss the complaint on the ground of qualified immunity [Doc. 37] and Plaintiff's motion for default judgment as to Defendant Crow [Doc. 40]. Plaintiff filed a response and memorandum in opposition to Defendants' motion to dismiss [Docs. 39 and 41], and Defendants filed a reply [Doc. 42]. For the reasons set forth below, Defendants Cooper and Jordan's motion to dismiss [Doc. 37] will be **GRANTED**, Plaintiff's motion for default judgment as to Defendant Crow [Doc. 40] will be **DENIED**, Defendant Crow will be **DISMISSED without prejudice**, and this action will be **DISMISSED**.

### I. MOTION TO DISMISS

#### A. Standard of Review

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 570 (2007)). A claim for relief is implausible when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id*. at 679. In considering a motion to dismiss, a court must take all factual allegations in the complaint as true. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). However, the Supreme Court has cautioned:

> Determining whether a complaint states a plausible claim for relief will. . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged- but it has not "show[n]"- "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 556 U.S. at 679 (internal citations omitted).

Additionally, while Plaintiff's claim survived the Court's initial review under the Prison Litigation Reform Act ("PLRA"), the standard for overcoming a Rule 12(b)(6) motion is a higher bar. *See, e.g., Leach v. Corr. Corp. of Am.*, No. 3:16-CV-2876, 2017 WL 35861, at *3 (M.D. Tenn. Jan. 4, 2017) (stating the required PLRA screening is "a lower burden for the plaintiff to overcome in order for his claims to proceed" than a motion to dismiss under Rule 12(b)(6)).

### B. Legal Standards for Qualified Immunity and Use of Force

In their motion to dismiss, Defendants Cooper and Jordan have pled the defense of qualified immunity. Qualified immunity protects governmental employees from individual, civil liability as long as their conduct does not violate clearly established "constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An evaluation of qualified immunity requires the Court to conduct a three-pronged inquiry: (1) whether there was a constitutional violation; (2) whether the violated right was "clearly-established;" and (3) whether the official's actions were objectively unreasonable. *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999).

2

For a right to be clearly established, "at the time of the officer's conduct, the law [must have been] sufficiently clear such that 'every reasonable official would understand what he is doing is unlawful.'" *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)). Once qualified immunity has been pled by a defendant, the plaintiff bears the burden of rebutting the defense by showing "that the challenged conduct violated a constitutional or statutory right, and that the right was so clearly established at the time of the conduct 'that every reasonable official would have understood that what he [was] doing violate[d] that right.'" *T.S. v. Doe*, 742 F.3d 632, 635 (6th Cir. 2014) (citing *Ashcroft*, 563 U.S. at 741). In short, this defense that protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

The parties agree that Plaintiff was a pretrial detainee at the time of this incident [Doc. 38 p. 4; Doc. 41 p. 4]. Thus, Plaintiff's use of force claim falls under the due process clause of the Fourteenth Amendment. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2475 (2015). In evaluating such a claim, the relevant inquiry is whether "the force purposely or knowingly used [] was objectively unreasonable." *Id.* at 2473. This determination must be based on the specific facts of the case, viewed from the "perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.* The court must also take into account "the 'legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained'" and appropriately defer to "'policies and practices that in th[e] judgment' of jail officials that 'are needed to preserve internal order and discipline and to maintain institutional security.'" *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 540, 547 (1979)).

### C. Party Allegations

In his complaint, Plaintiff alleges that after he had "an adverse reaction" to a medication and a fellow inmate attacked him, Defendants violated his constitutional rights by forcing him to

3

walk and then placing him in a restraint chair despite Plaintiff telling them at least three times that he had a broken hip [Doc. 1 p. 10].

In their motion to dismiss, Defendants argue that they are entitled to qualified immunity because Plaintiff did not sufficiently allege in his complaint that Defendants reached the conclusion that Plaintiff was injured before forcing him to walk and that Plaintiff's allegations actually establish that Defendants sought to protect him, rather than harm him [Doc. 38 p. 4–5]. Defendants also assert that Plaintiff had no constitutional right to be removed from the attack in a certain way and that he therefore has not alleged a violation of a constitutional right [*Id.* at 6–7].

In his response in opposition to Defendants' motion to dismiss, Plaintiff states that when Defendants first approached him after the attack, he was still in the arms of his attacker, who weighs in excess of two hundred and fifty pounds, is built like a linebacker, and had just "lifted, and drove [Plaintiff] into the concrete floor," and that as he "clearly" could not get up and walk, Defendants cuffed him, forced him to walk while they assisted him on each side and from the back, and then placed him in a restraint chair to await an ambulance [Doc. 41 p. 2–3]. Plaintiff asserts that these actions (1) show that Defendants knew that he was injured and acted maliciously and wantonly and (2) violated policies under which Defendants should have cleared uninjured parties from the area and locked down inmates to allow medical staff to evaluate him [*Id.* at 3–5].

In their reply, Defendants assert that Plaintiff's additional factual allegations that Defendants saw Plaintiff in the arms of his attacker and then assisted him with walking in his response further support their defense of qualified analysis [Doc. 42].

### D. Analysis

Plaintiff's allegations in his complaint and his response to Defendants' motion to dismiss fail to "nudge[] the[] claims across the line from conceivable to plausible," and therefore fail to

4

state a claim for violation of a constitutional right against Defendants. *Twombly*, 550 U.S. at 570; *see also Scheid v. Fanny Farmer Candy*, 859 F.2d 434, 437 (6th Cir. 1988) (holding complaint must plead facts in support of material elements of claim). Specifically, accepting Plaintiff's allegations as true, it is apparent that not every reasonable officer would have perceived that Defendants' acts of helping Plaintiff walk away from his attacker and strapping him in a restraint chair to wait for an ambulance was unlawful under the circumstances that Defendants observed—namely, Plaintiff still in the arms of his attacker (who was in excess of two-hundred and fifty pounds and built like an NFL linebacker) and stating that he had a broken hip. Rather, it is apparent that a reasonable officer could have believed that getting Plaintiff away from his attacker to a safe place to await an ambulance was the best and most efficient way to ensure both institutional safety and Plaintiff's safety.

In other words, even if the Court assumes that Defendants drew the conclusion that Plaintiff had been harmed in the inmate attack on him, Plaintiff simply has not alleged facts that allow the Court to plausibly infer that Defendants' acts of assisting him with walking away from his attacker and restraining him in a chair while they waited for an ambulance were plainly incompetent or knowingly in violation of well-established law in light of the circumstances that Defendants observed. As such, Defendants Cooper and Jordan's motion to dismiss this action on the ground of qualified immunity [Doc. 37] will be **GRANTED**.

## II. MOTION FOR DEFAULT JUDGMENT

Plaintiff has also filed a motion for default judgment as to Defendant Crow [Doc. 40]. However, the record reflects that this Defendant has not been served with process, as after the Court had the Sheriff of Bedford County provide any information to which he had access that would assist the United States Marshals Service in effectuating service on this Defendant to the

5

Case 4:18-cv-00019-PLR-CHS   Document 43   Filed 06/05/20   Page 5 of 6   PageID #: 246

Court [Doc. 27], the summons issued for this Defendant to the address that the Sheriff provided for him was returned unexecuted with a notation indicating that he had moved without leaving a forwarding address [Doc. 34].

Thus, despite the best efforts of Plaintiff, the Court, and the United States Marshals Service, Defendant Crow has not been served with process. Thus, Plaintiff's motion for default judgment [Doc. 40] will be **DENIED** and Plaintiff's claim against Defendant Crow will be **DISMISSED without prejudice** pursuant to Rule 4(m).

### III. CONCLUSION

For the reasons set forth above:

1. Defendants' motion to dismiss on the ground of qualified immunity [Doc. 37] will be **GRANTED**;

2. Plaintiff's motion for default judgment [Doc. 40] will be **DENIED**;

3. Defendant Crow will be **DISMISSED without prejudice** from this action;

4. This action will be **DISMISSED**; and

5. The Court **CERTIFIES** that any appeal from this decision would not be taken in good faith, and that Plaintiff will be **DENIED** leave to proceed *in forma pauperis* on any subsequent appeal.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**